GUTIÉRREZ v. BUSTELO.

APPEAL from the District Court of Humacao.

No. 349.—Decided April 20, 1909.

STATEMENT OF FACTS—DOCUMENTARY EVIDENCE.—It is an error to suppose that the documentary evidence can be presented to the consideration of this court merely by copying the same into the transcript. All evidence, introduced on the trial in the court below, must be set out in a statement of facts and verified by the approval of the trial judge, before this court can regard it as a part of the record.

ID.—BILL OF EXCEPTIONS—EXAMINATION OF ERRORS.—There being no statement of facts in the record, nor any bill of exceptions, nor statement of the case, we are limited in our examination of the errors assigned, to such as relate to the law alone, and which may be apparent on the face of the record.

AGENT—ACTS FAVORABLE TO THE PRINCIPAL.—No person can adopt the acts of an agent in so far as they are beneficial to him, and at the same time renounce those, inseparably connected therewith, that are favorable in some degree to the adverse party.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for appellant.

*Mr. Hord* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was begun in the District Court of Humacao, on April 15, 1907, to force the defendants to execute a deed of conveyance transferring to plaintiff a certain house and lot, in the city of Humacao, and to recover damages in the sum of six thousand dollars ($6,000) and costs of suit, and for general relief.

The defendants answer by admitting some of the allegations made in the complaint, denying others, and qualifying others, and finally setting up counterclaims and praying for a judgment declaring a certain agreement or contract of sale

to be null and void, and that mutual restitutiion should be made, and that the said contract be rescinded and that the right of defendants to build against the wall of plaintiff's house be judicially established, and to recover damages and costs.

The plaintiff made answer to the counter claims denying the allegations of the same setting up new matters, and finally demurring thereto alleging that the same do not constitute a cause of action against plaintiff.

After a trial, on March 3, 1908, in which the court considered the pleadings, the evidence and the arguments of counsel, the case was taken under advisement; and on June 29, 1908, judgment was rendered in favor of the defendants, ordering that the latter be exonerated from all claims presented in the complaint and, on the second counter claim of the defendants, rescinding the contract of sale, and ordering mutual restitution of what had passed between the parties; assessing the costs against the plaintiff and ordering execution therefor.

The respective counsel do not seem to be at all agreed on the issues presented by the record for which reasons the court is compelled to examine, somewhat more closely than usual, the pleadings in the case and, if possible, to deduce the issues therefrom, and then look into the judgment rendered, to ascertain what was done therein of which the plaintiff could complain on appeal.

We are hampered in the outset by the defects in the record arising from a want of a statement of facts. The appellant, through his counsel, in his brief adverts to this fact, and says that he will have to rely upon the allegations of his complaint and the *documentary evidence*. It is an error to suppose that the documentary evidence can be presented to the consideration of this court merely by copying the same into the transcript. All evidence, introduced on the trial, in the court below, must be set out in a statement of facts and verified by the approval of the trial judge, before this court can regard

it as a part of the record. See the following numerous cases heretofore decided by this court: *Román* v. *The American R. R. Co. of Porto Rico*, 10 P. R. Rep., 52; *Asencio* v. *Alvarez*, 10 P. R. Rep., 102; *Belden et al.* v. *González*, 10 P. R. Rep., 253; *Caloca* v. *Vilaseca et al*, 10 P. R. Rep., 261; *Orsini* v. *Comas et al.*, 10 P. R. Rep., 267; *Acevedo* v. *Anez*, 10 P. R. Rep., 275; *El Convento de las M. M. Carmelitas* v. *Rossy*, 10 P. R. Rep., 277; *Ezquiaga* v. *Munítiz*, 11 P. R. Rep., 100; *Molfulleda* v. *Ramos*, 10 P. R. Rep., 298; *Moll* v. *Llompart*, 10 P. R. Rep., 315; *Ramírez* v. *Surillo et al.*, 10 P. R. Rep., 311; *Huertas* v. *Elzaburu*, 10 P. R. Rep., 403; *Tibot* v. *Flores et al.*, 10 P. R. Rep., 415; *Martínez* v. *Moreno*, 10 P. R. Rep., 498; *Oteiza* v. *Martínez*, 11 P. R. Rep., 29; *Blondet* v. *Amorós Hermanos et al.*, 11 P. R. Rep., 59; *Ezquiaga* v. *Munítiz*, 10 P. R. Rep., 286; *Fuentes Hermanos* v. *El Banco de Puerto Rico et al.*, 11 P. R. Rep., 162; *Díaz Caneja* v. *La Administración*, 11 P. R. Rep., 194.

There being no statement of facts in the record, nor any bill of exceptions, nor statement of the case, we are limited in our examination of the errors assigned to such as relate to the law alone, and which may be apparent on the face of the record.

Both parties refer, in their briefs and arguments, to the contract of sale; and the appellant seeks to take advantage of it and to enforce it, in so far as to compel a conveyance of the house and lot; but repudiates that portion which is favorable to the respondent permitting her to build her house against the wall and to use the same for her own benefit, alleging that the agent had no authority to make any such agreement. It is clear that the parties must each abide by the agreement in all its parts or have it set aside altogether. No person can adopt the acts of an agent in so far as they are beneficial to him and at the same time renounce those, inseparably connected therewith, that are favorable in some degree to the adverse party. There could be no justice in such a proceeding,

and the trial court properly refused to entertain any such proposition.

But it is contended by the appellant that in case the court should take such a view and require the parties to either accept or attack the private document, providing for the purchase and sale, in its entirety, as it was proper it should do, then it is contended that the trial court should have dismissed the complaint, in so far as it referred to the claim for damages, and have decreed a specific performance of the contract of purchase and sale, instead of rescinding the same as was done by the judgment. This proposition would depend not only upon the language of the written contract of purchase and sale, but upon the other evidence which may have been adduced upon the trial, but which we do not have before us in the record. Besides there is no prayer in the complaint on which to decree a specific performance of the contract in its entirety which the plaintiff expressly repudiates except in so far as it provides for a conveyance of the house and lot; hence the court on the pleadings, as presented in the record, could not render such a decree. So far as the record shows, on the face of the pleadings, which is all that we have before us, there has been in this respect no serious error.

Besides the appellant urges, as a ground for a reversal, that the second count in the cross complaint does not set out facts sufficient to constitute a cause of action. But the whole cross complaint must have been taken together in considering the demurrer, and, though the court may have improperly referred to the second count in rendering the judgment, the whole taken together is amply sufficient whereon to base a decree of rescission and restitution. Chapter V, of Title II of Book IV, of the Civil Code treats of the rescission of contracts and this case falls within paragraph five of section 1258 in connection with section 1091; and there is nothing in the subsequent section 1261 which forbids the exercise of this right in a case like the present. There is no legal error in the action of the court on the counter complaint set up by the de-

fendant as far as shown by the record. At least such an error of law, if there is one, is not fundamental, and without a knowledge of the evidence adduced on the trial we have no sufficient basis on which to adjudge a reversal.

There is no provision in our Civil Code, so far as we can see, which contravenes the judgment rendered by the court below in this case. It appears to have been arrived at in the honest endeavor to do justice between the parties; and believing as we do that this object has been attained, the judgment of the trial court, rendered on June 29, 1908, should be affirmed.

*Affirmed.*

Acting Chief Justice Hernández and Justice Wolf concurred.

Mr. Justice Figueras did not sit at the hearing of this case.